IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CASE NO. 09-00141-CR-W-HFS |
| v. | ) | |
| | ) | |
| SHAH, AMIR A., | ) | |
| | ) | |
| Defendant. | ) | |

## APPLICATION TO MODIFY CONDITIONS OF RELEASE AND SUGGESTIONS IN SUPPORT

**COMES NOW** Amir Shah and by and through counsel, herewith moves to modify conditions of release heretofore set and as grounds therefore, states:

That on the 4th day of May, 2009, the defendant, following a detention hearing, was released on bond subject to certain conditions, one of which was that he not access or use in any way, a computer.

That computers, for good or evil, are all pervasive in modern personal and business affairs.

The defendant understands the government's concern in that the alleged misconduct involved violations of statutes regarding access to and dissemination of materials using a computer.

However, the total ban on any computer use whatsoever is overly broad in that the government's concerns may be addressed by denying internet access, without which no activity of the alleged type may be accomplished. The defendant believes that it is possible to configure a computer so as to either deny internet access, or to monitor such access in the event that an attempt to use the internet should occur.

*18 U.S.C. 3142* requires in all instances in which the court sets conditions of release that these be the "least restrictive"

The court's present total ban on use of a computer has precluded the defendant from obtaining gainful employment and even from writing memoranda which may prove helpful to his defense. Defendant is also precluded from much (if not all) employment including employment by his father, surety on his bond, who has such employment available with no internet access on bookkeeping, accounting and other internal chores relating to Mr. Zubair Shah's business.

Further, the freezing of defendant's bank accounts and the concomitant loss of credit card processing services precludes any acts by the defendant of the type leading to the allegations in the indictment. This addresses the court's concerns at avoiding further misconduct of the type alleged in the indictment.

Absent use of a typewriter (an obsolete form of communication commonly utilized in the late twentieth century), and the United States Postal Serice, the defendant is reduced to communication with counsel and others by means of a telephone or a messenger with a hand written note in a cleft stick.

The present ban on *any* computer use or access is far more restrictive than needs be to ensure against further and future conduct of the type alleged in the Indictment.

For the reasons herein recited, the defendant is desirous of modifying the conditions of release to permit non-internet and/or internet monitoring computer access.

Respectfully submitted,

/s/ Bruce W. Simon
**BRUCE W. SIMON       Mo. Bar# 21099**
105 E. 5TH Street - Suite 201
Kansas City Missouri 64106
Telephone: 816-471-3430
Facsimile : 816-471-0408

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 13, 2009 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following: The United States Attorney for the Western District of Missouri.

/s/ Bruce W. Simon
Bruce W. Simon