IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | No. | 09-00141-01-CR-W-HFS |
| | ) | | |
| AMIR A. SHAH, | ) | | |
| | ) | | |
| Defendant. | ) | | |

**GOVERNMENT'S RESPONSE AND SUGGESTIONS IN OPPOSITION TO DEFENDANT'S APPLICATION TO MODIFY CONDITIONS OF RELEASE**

Defendant Amir Shah has asked the Court to modify his bond without providing any information as to how the Court would be able to supervise his activities with his proposed modifications. Therefore, the Government opposes the defendant's request and sets forth its Response and Suggestions in Opposition below.

On April 29, 2009, the Government moved this Court for an order of pretrial detention for the defendant. (D.E. 4) The Government's position remains that defendant poses a significant flight risk and economic danger to the community, for all of the reasons set forth previously in its suggestions in support of that motion. (D.E. 13).

On May 4, 2009, after a hearing, this Court denied that motion.

On May 7, 2009, this Court ordered that the defendant may "not possess or use any computer, nor shall [he] direct anyone to use a computer on [his] behalf." (D.E. 17). The defendant *agreed and stipulated to* the pretrial conditions he now asks the Court to modify. Now that the issue of pretrial detention is no longer before the Court, the defendant seeks to

renege on the agreement he made just weeks ago to supervision conditions that, at the time, were wholeheartedly supported, and, in fact, offered by the defendant in order to avoid detention.

The question for the Court presently is not whether computer and Internet use is important or even "pervasive in all personal and business affairs" as the defendant suggests,[1] rather it is simply whether and how can this Court effectively and successfully *supervise* the defendant's use of computers and the Internet if the current bond conditions are modified. Due to the charges currently pending against the defendant and his co-defendants, as well as the defendant's admitted expertise in this area, this is not a small issue. At present, the defendant's motion is utterly silent on this point. The defendant presents this Court with no plan for monitoring or limiting the Defendant's computer or Internet use, nor does he offer any suggested language this Court could adopt to alter its previous order.[2]

The Government maintains its previous position regarding pretrial detention, and also argues that if the defendant determines he cannot function on supervision without computer and Internet access that the Court should reopen the question of whether pretrial detention is appropriate. Alternatively, should the Court wish to entertain the defendant's motion, the

---

[1] Nor can the defendant be seriously arguing that computers, albeit more convenient, are in fact *necessary* for his defense. It would be difficult for the defendant to maintain such a position as for hundreds of years defendants have adequately aided their counsel through means other than a computer and defendants in custody do it every day.

[2] The defendant requests this Court to modify the conditions of release to "permit non-internet and/or internet monitoring computer access," without further explanation or detail.

-2-

Government cannot agree to any modification of this Court's previous release order without an adequate plan in place to assure that the defendant's actions can be effectively monitored by Pretrial Services. Therefore, the Government would respectfully request that the Court schedule a hearing at which the defendant can present evidence as to how any proposed computer or Internet monitoring would work.

WHEREFORE, based on the foregoing, the Government respectfully requests that the Court deny the Defendant's Application to Modify Conditions of Release, or alternatively, schedule a hearing requiring the defendant show cause how any proposed modifications could be effectively supervised by the Court.

    Respectfully submitted,

    Matt J. Whitworth
    Acting United States Attorney

By    */s/Matthew P. Wolesky*

    Matthew P. Wolesky #53253
    Assistant United States Attorney

    Charles Evans Whittaker Courthouse
    400 East 9th Street, Suite 5510
    Kansas City, Missouri 64106
    Telephone: (816) 426-3122

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that a copy of the foregoing was delivered on July 16, 2009 to the CM-ECF system of the United States District Court for the Western District of Missouri for electronic delivery to all counsel of record.

                                                 */s/Matthew P. Wolesky*
                                                 Matthew P. Wolesky
                                                 Assistant United States Attorney

MPW:blw