# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Criminal Action No. |
| ) | 09-00141-01/02/03/05-CR-W-HFS |
| AMIR A. SHAH, ) | |
| OSMAAN A. SHAH, ) | |
| I20, INC., ) | |
| PAUL F. ZUCKER, ) | |
| ) | |
| Defendants. ) | |

## ORDER OF CONTINUANCE FOR TRIAL AND PRETRIAL MOTIONS DEADLINE

On April 23, 2009, the Grand Jury returned an indictment charging the defendants with were engaged in an unlawful spam email operation that was conducted through the commission of several federal criminal offenses, including Conspiracy, in violation of 18 U.S.C. § 371, Fraud in Connection with Computers, in violation of 18 U.S.C. § 1030, and Fraud in Connection with Email, in violation of 18 U.S.C. § 1037. This criminal action is currently set for trial on the joint criminal trial docket which commences November 2, 2009.

On August 20, 2009, defendant Zucker, by and through counsel, filed a motion for continuance and suggestions in support thereof. The suggestions in support of the defendant's motion for continuance state, in part, as follows:

> This indictment charges complex allegations of conspiratorial conduct and substantive violations of criminal statutes related to an unlawful spam email operation conducted through the commission of various federal criminal offenses. The background of this investigation involves the alleged unlawful harvesting of student email addresses from over 2,000 United States universities and colleges and sending spam email selling various products and

> services to the students. Additional time is needed to further analyze the complex facts and identify the pertinent legal issues.
>
> In addition, the defendants will need to identify the need for appropriate experts. Numerous documents must be reviewed and analyzed. Multiple volumes of electronic discovery were delivered on August 3, 2009. Included in the discovery are volumes of disks that may contain files that are either corrupted or infected with viruses. Special accommodations for review of this material must be made. This review will undoubtedly lead to investigative leads that will need to be pursued. A complete review of the documents and associated investigation is also necessary to be able to prepare the appropriate motions. It is anticipated that even more discovery will be produced in the reasonable future by the ____ [sic].
>
> All other counsel have been contacted in this litigation. Matthew Wolesky, Assistant United States Attorney, Bruce Houdek, counsel for defendant Osmaan Shah, and Bruce Simon, counsel for defendants Amir Shah and I20, concur in the decision to seek a continuance from the present setting, and to seek additional time for the filing of any pretrial motions and other applicable scheduling.
>
> Defendant Zucker acknowledges and waives his right to a speedy trial. A signed affidavit waiving these rights under the Speedy Trial Act will be filed under separate notice.
>
> In view of the complexity of the legal issues and facts that need to be discovered, a continuance of the trial setting is hereby respectfully requested to the joint criminal trial docket in April 2010, or sometime reasonably thereafter. It is also requested that the deadline for pretrial motions be continued from August 21, 2009, to January 25, 2010, with the government reply briefs to be filed by February 22, 2010.

The Speedy Trial Act of 1974, as amended, mandates the commencement of the trial of a defendant within 70 days from the defendant's first appearance before a judicial officer of the Court in which the charge is pending. In computing the 70-day time period, the periods of delay set forth in 18 U.S.C. § 3161(h) are to be excluded. Any period of delay resulting from a continuance granted at the request of a defendant is excludable if the Court finds the ends of

2

justice served by the taking of such action outweigh the best interest of the public and the defendant in a speedy trial, provided the Court sets forth the reason for such finding.

Section 3161(h)(8)(C) provides that a continuance shall not be granted because of general congestion of the Court's calendar. In ordering this case removed from the joint criminal jury trial docket which will commence November 2, 2009, and continuing the trial until the joint criminal jury trial docket which will commence April 26, 2010, the Court is not doing so because of congestion of its calendar.

The Court finds that:

1. In light of the circumstances set out in the above-quoted portion of the suggestions in support of the motion for continuance, it would be unreasonable to expect defense counsel to prepare this criminal action adequately for trial prior to April 26, 2010;

2. In light of the circumstances set out in the above-quoted portion of the suggestions in support of the motion for continuance, failure to remove this criminal action from the joint criminal jury trial docket which will commence November 2, 2009, and grant a continuance likely would result in a miscarriage of justice;

3. In light of the circumstances set out in the above-quoted portion of the suggestions in support of the motion for continuance, failure to remove this criminal action from the joint criminal jury trial docket which will commence November 2, 2009, and grant a continuance would deny defense counsel the reasonable time necessary for effective preparation and thus would deny the defendant his right to effective assistance of counsel; and

4. In light of the circumstances set out in the above-quoted portion of the suggestions in support of the motion for continuance, the ends of justice served by removing this criminal action from the joint criminal jury trial docket which will commence November 2, 2009, and granting a continuance outweigh the best interest of the public and the defendant in a speedy trial.

It is therefore,

ORDERED that the motion for continuance of this criminal action filed by defendant Zucker on August 21, 2009 (Doc. No. 48), and the motion of defendant Osmaan Shah filed on August 21, 2009 (Doc. No. 49) are GRANTED and that this criminal action is removed from the joint criminal jury trial docket which will commence November 2, 2009. It is further

ORDERED that this criminal action is set for trial on the joint criminal jury trial docket which will commence April 26, 2010. It is further

ORDERED that, pursuant to 18 U.S.C. § 3161(h), the time between the date of this Order and April 26, 2010, shall be excluded in computing the time within which the trial of this criminal action must commence. It is further

ORDERED that defendant Zucker's request for an extension to file pretrial motions (also Doc. No. 48) is GRANTED, and the pretrial motions shall be filed on or before January 25, 2010, and the government's responses shall be filed on or before February 22, 2010.

> /s/ JOHN T. MAUGHMER
> JOHN T. MAUGHMER
> United States Magistrate Judge

Kansas City, Missouri