**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal Action No. |
| | ) | 09-00141-01/02/03/05-CR-W-HFS |
| AMIR A. SHAH, | ) | |
| OSMAAN A. SHAH, | ) | |
| I20, INC., | ) | |
| PAUL F. ZUCKER, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER OF CONTINUANCE FOR TRIAL AND PRETRIAL MOTIONS DEADLINE

On April 23, 2009, the Grand Jury returned an indictment charging the defendants with were engaged in an unlawful spam email operation that was conducted through the commission of several federal criminal offenses, including Conspiracy, in violation of 18 U.S.C. § 371, Fraud in Connection with Computers, in violation of 18 U.S.C. § 1030, and Fraud in Connection with Email, in violation of 18 U.S.C. § 1037.  This criminal action is currently set for trial on the joint criminal trial docket which commences April 26, 2010.

On March 16, 2010, defendants, by and through counsel, filed a joint motion for continuance and suggestions in support thereof.  The suggestions in support of the defendants' motion for continuance state, in part, as follows:

> The discovery produced by the government is voluminous. The
> second wave of the government's discovery was not made
> available by the government until early December 2009.
>
> Defendants Amir A. Shah, Osmaan A. Shah and I2O, Inc. have
> recently terminated their representation by attorneys Bruce Simon
> and Bruce Houdek, and in their place have retained Curtis E.
> Woods of Sonnenschein Nath & Rosenthal LLP and Marc J.

Zwillinger, Christian Genetski, and Jacob A. Sommer of
Zwillinger Genetski LLP. These defendants' new attorneys require
additional time to review the government's discovery and analyze
the complex facts presented by the Indictment so as to be able to
prepare and file pretrial motions and prepare for trial.

Defendant Zucker's attorneys, Merrill Rubin and James R. Hobbs,
also require additional time to review the government's discovery,
analyze the complex facts presented by the Indictment, so as to be
able to prepare and file pretrial motions and prepare for trial.

Given the complexity of the case, the voluminous discovery (much
of which was produced in December 2009), defendants also
require additional time to identify areas where expert testimony
may be necessary, and to identify, retain and prepare those experts
for expert disclosures and trial.

\*\*\*

Defendants' counsel have conferred with the government's lead
attorney, Assistant United States Attorney Matthew Wolesky, and
he advises the government has no objection to a continuance of the
trial setting to after September 1, 2010.

The Speedy Trial Act of 1974, as amended, mandates the commencement of the trial of a defendant within 70 days from the defendant's first appearance before a judicial officer of the Court in which the charge is pending. In computing the 70-day time period, the periods of delay set forth in 18 U.S.C. § 3161(h) are to be excluded. Any period of delay resulting from a continuance granted at the request of a defendant is excludable if the Court finds the ends of justice served by the taking of such action outweigh the best interest of the public and the defendant in a speedy trial, provided the Court sets forth the reason for such finding.

Section 3161(h)(8)(C) provides that a continuance shall not be granted because of general congestion of the Court's calendar. In ordering this case removed from the joint criminal jury trial docket which will commence April 26, 2010, and continuing the trial until the joint criminal

2

jury trial docket which will commence September 20, 2010, the Court is not doing so because of congestion of its calendar.

The Court finds that:

1. In light of the circumstances set out in the above-quoted portion of the suggestions in support of the motion for continuance, it would be unreasonable to expect defense counsel to prepare this criminal action adequately for trial prior to September 20, 2010;

2. In light of the circumstances set out in the above-quoted portion of the suggestions in support of the motion for continuance, failure to remove this criminal action from the joint criminal jury trial docket which will commence April 26, 2010, and grant a continuance likely would result in a miscarriage of justice;

3. In light of the circumstances set out in the above-quoted portion of the suggestions in support of the motion for continuance, failure to remove this criminal action from the joint criminal jury trial docket which will commence April 26, 2010, and grant a continuance would deny defense counsel the reasonable time necessary for effective preparation and thus would deny the defendant his right to effective assistance of counsel; and

4. In light of the circumstances set out in the above-quoted portion of the suggestions in support of the motion for continuance, the ends of justice served by removing this criminal action from the joint criminal jury trial docket which will commence April 26, 2010, and granting a continuance outweigh the best interest of the public and the defendant in a speedy trial.

It is therefore,

ORDERED that the joint motion for continuance of this criminal action filed by defendants on March 16, 2010 (Doc. No. 69), is GRANTED as to all defendants and that this criminal action is removed from the joint criminal jury trial docket which will commence April 26, 2010. It is further

3

ORDERED that this criminal action is set for trial on the joint criminal jury trial docket which will commence September 20, 2010. It is further

ORDERED that, pursuant to 18 U.S.C. § 3161(h), the time between the date of this Order and September 20, 2010, shall be excluded in computing the time within which the trial of this criminal action must commence.

*/s/ JOHN T. MAUGHMER*
JOHN T. MAUGHMER
United States Magistrate Judge

Kansas City, Missouri